IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROY L.  ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV118 |
| | ) | |
| v. | ) | |
| | ) | |
| LYNN SAFRANEK, In individual and | ) | AMENDED PRISONER PAYMENT |
| official capacity, OMAHA WORLD | ) | ORDER |
| HERALD, and JOSH | ) | |
| SWARTZLANDER, In individual and | ) | |
| official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on filing no. 6, in which the plaintiff, Roy L. Ellis,  a prisoner who is proceeding in forma pauperis ("IFP") in this civil rights action, states that he has insufficient funds in his prison trust account to pay the initial partial filing fee assessed in filing no. 5, the court's Prisoner Payment Order. The plaintiff expresses concern that he may not have the required funds in the future.  Because of the plaintiff's showing of good cause, the plaintiff's case will proceed notwithstanding nonpayment of the initial partial filing fee by the original deadline.  Instead, the law addresses the problem as follows:

First, 28 U.S.C. § 1915(b)(4) states:

In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

Second, the normal assumption that an initial partial filing fee will be paid at the outset of the case is suspended.  See generally Jackson v. N.P. Dodge Realty Co., 173 F. Supp.2d 951, 957 n. 9 (D. Neb. 2001).   Instead, "the whole of the ... filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)."  Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997).

Third, a prisoner who is released from custody after filing a civil complaint may, after release, file a new motion for leave to proceed IFP based on the changed circumstances caused by release from prison.  If IFP status is then granted, the plaintiff will be relieved of any liability for the balance of the filing fee.

THEREFORE, IT IS ORDERED:

1.      That the plaintiff has shown good cause for modification of his prisoner payment order;

2.      That the initial partial filing fee and subsequent installments shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2);

3.      That the Clerk of Court shall serve a copy of this Order on the appropriate financial officer for the plaintiff's institution; and

4.      That the plaintiff shall continue to keep the court informed of his current address at all times while this case is pending, as failure to do so could cause the case to be dismissed.

DATED this 2nd day of May, 2007.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

2