IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROY L. ELLIS, | ) | 8:07CV118 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LYNN SAFRANEK, In individual | ) | |
| and official capacity, OMAHA | ) | |
| WORLD HERALD, and JOSH | ) | |
| SWARTZLANDER, In individual | ) | |
| and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants Lynn Safranek ("Safranek"), Josh Swartzlander ("Swartzlander"), and the Omaha World Herald's ("OWH") Motion to Dismiss. (Filing No. 16.) As set forth in this Memorandum and Order, Defendants' Motion is granted.

## I.   BACKGROUND

Plaintiff filed his Complaint in this matter on March 30, 2007. (Filing No. 1.) Defendants filed their Motion to Dismiss on July 17, 2007. (Filing No. 16.) Along with their Motion, Defendants filed a Brief in Support. (Filing No. 17.) Plaintiff did not file a response to Defendants' Motion to Dismiss.

As set forth in this court's local rules, a motion raising a "substantial issue of law" must be supported by a brief. NECivR 7.1(a)(1)(A). Additionally, a party opposing a motion to dismiss "shall file a paginated brief which concisely states the reasons for opposing the motion" within 20 days of the filing of the motion to

dismiss. NECivR 7.1(b)(1)(A-B). However, "failure to file an opposing brief shall not be considered to be a confession of the motion." NECivR 7.1(b)(1)(C).

The court has carefully reviewed the documents submitted by both parties. While Defendants submitted a Motion to Dismiss and Brief in Support, Plaintiff has not filed an opposing brief. Under the local rules of the court, the time in which to respond has passed and the Motion to Dismiss is deemed fully submitted.

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff filed his Complaint on March 30, 2007 against three Defendants, Safranek, Swartzlander, and the OWH. (Filing No. 1 at CM/ECF p. 2.) Plaintiff identifies Safranek and Swartzlander as "staff writers" employed by the OWH. *Id.* Plaintiff seeks relief against Safranek and Swartzlander in both their individual and official capacities. (*Id.* at CM/ECF p. 1.)

Although his allegations are unclear, Plaintiff generally alleges that on February 14, 2007, Safranek and Swartzlander wrote, and the OWH printed, an article titled, "Inmate: Ellis said he Killed Amber." (*Id.* at CM/ECF pp. 5, 10.) The article states that Plaintiff "once told a fellow inmate that he killed Amber Harris," and details various witness statements and "medical evaluations" found in court records. (*Id.* at CM/ECF pp. 10-11.)

Plaintiff further alleges that Defendants' printing of the article was "abuse of discretion, and defamation of [Plaintiff's] character." (*Id.* at CM/ECF p. 5.) Plaintiff asserts that Defendants' conduct constituted "perjury, defamation of character, mental anguish, mental stress, due process, civil rights violation," violations of "Nebraska State Statute under Medical Rule, and Federal Medical Code Rule 16." (*Id.* at CM/ECF p. 7.) Plaintiff seeks to recover $10,000,000 in damages and requests that this court "stop the Herald from printing about [him] until this is over." (*Id.*)

### III. ANALYSIS

#### A. Standard of Review

In order to withstand a motion to dismiss, a pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

#### B. Subject Matter Jurisdiction

Defendants seek dismissal of the claims against them primarily because this court lacks subject matter jurisdiction and because Plaintiff fails to state a claim upon which relief may be granted. (Filing No. 16.) As set forth by the Federal Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. Pro. 12(h)(3). Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). It is clear from Plaintiff's allegations that all of the parties are residents of Nebraska. There is no diversity of citizenship and it therefore cannot be a basis for the court's jurisdiction.

Subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Liberally construing Plaintiff's allegations, the court must consider whether federal question jurisdiction is proper here. Plaintiff arguably seeks relief for constitutional and "civil rights violations" pursuant to 42 U.S.C. § 1983, relief under 18 U.S.C. § 1621 (perjury), and relief for various other claims such as defamation, slander, libel, and mental distress. However, as set forth below, none of these claims supports federal question jurisdiction here.

### 1. Claims Pursuant to 42 U.S.C. § 1983[1]

Plaintiff alleges generally that the article written and published by Defendants violated his rights "guaranteed . . . by way of the Constitution." (Filing No. 1 at CM/ECF p. 7.) Liberally construed, Plaintiff seeks relief against Defendants for violations pursuant to 42 U.S.C. § 1983. To obtain relief under 42 U.S.C. § 1983, a plaintiff must show (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that a person acting under color of state law caused the deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Thus, an allegation that a private entity has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. *See, e.g., Pino v. Higgs*, 75 F.3d 1461, 1464-67 (10th Cir.

---

[1]The court liberally construes all of Plaintiff's claims for "Due Process, Civil Rights Violation," and other claims under the United States Constitution as brought pursuant to 42 U.S.C. § 1983. (*See* Filing No. 1 at CM/ECF p. 7.)

1996) ("To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States. 42 U.S.C. § 1983.") (citations omitted). Therefore, if the actions of the defendant were "not state action, our inquiry ends." *Rendell-Baker*, 457 U.S. at 838.

However, the acts of a private party may be "fairly attributable" to the state in certain circumstances when the private party acts in concert with state actors. *Id.* at 838 n. 6. Although a private person who is a willful participant in joint action with a state actor may act under color of state law, there must at least be a shared purpose to deprive the plaintiff of a constitutional right, namely, "a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451-52 (8th Cir. 1993), cert. denied, 510 U.S. 1111 (1994). *Accord Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997). However, simply performing a service to the public or accepting public funding does not transform an otherwise-private entity into a state actor. *Rendell-Baker*, 457 U.S. at 840-42 ("That a private entity performs a function which serves the public does not make its acts state action.").

Plaintiff has not alleged that Defendants' conduct with respect to the published article at issue here constituted state action. Plaintiff has also failed to allege that Defendants acted in concert with state actors or engaged in any conduct which is "fairly attributable" to a state actor. Liberally construed, Plaintiff alleges that Defendants received information "taken from [Plaintiff's] bedroom by O.P.D." (Filing No. 1 at CM/ECF p. 6.) However, there are no allegations that Defendants acted in concert with the Omaha Police Department or that Defendants and the Omaha Police Department had a "meeting of the minds" to deprive Plaintiff of a constitutional right. Because Plaintiff has not alleged that Defendants were state actors, Plaintiff has not set forth a claim under a federal statute and has not otherwise

established a basis for "federal question" jurisdiction over this matter. Therefore, this court does not have subject matter jurisdiction over Plaintiff's claims brought pursuant to 42 U.S.C. § 1983, and those claims must be dismissed.

### 2. Claims for Perjury

As set forth in 18 U.S.C. § 1621, perjury is a crime and persons convicted of perjury are subject to fines, imprisonment, or both. *See* 18 U.S.C. § 1621. However, there is no federal civil remedy for perjury. *See Smith v. Fenner*, No. 98-CV-1887, 1999 WL 592663, *2 (Aug. 6, 1999 N.D. Tex.) (dismissing claim for no subject matter jurisdiction because federal civil claim for perjury does not exist); *see also Roemer v. Crow*, 993 F. Supp. 834, 836-37 (D. Kan. 1998) (dismissing claims as frivolous because 18 U.S.C. § 1621 "is a criminal statute which does not provide a civil right of action for damages").

There is no federal civil remedy for perjury. Plaintiff cannot obtain the relief he seeks under the federal perjury statute. This court therefore does not have subject matter jurisdiction over Plaintiff's perjury claim and that claim must also be dismissed.

### 3. Other Claims

Plaintiff lists various other claims such as "slander . . . defamation of character, mental anguish, mental stress . . . [and] Nebraska state statute under Medical Rule." (Filing No. 1 at CM/ECF p. 7.) As set forth above, this court only has subject matter jurisdiction where Plaintiff asserts claims arising under *federal* law. Although Plaintiff's other claims may be brought against Defendants under state law and in a state forum, none of the remaining claims state a claim arising under the Constitution, laws, or treaties of the United States, as required by 28 U.S.C. § 1331.

Finally, Plaintiff appears to bring a claim under federal law for disclosure of his medical information. Such a claim is construed to arise under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. No. 104-191, 110 Stat.1936. However, there is no private right of action provided for HIPAA violations. *Swift v. Lake Park High School Dist. 108*, No. 03 C 5003, 2003 WL 22388878, *4 (N.D.Ill. Oct. 21, 2003) ("No federal court reviewing the matter has ever found that Congress intended HIPAA to create a private right of action."); *O'Donnell v. Blue Cross Blue Shield of Wyoming*, 173 F. Supp. 2d 1176, 1180 (D.Wyo. 2001) ("Review of HIPAA's enforcement provisions reveals no congressional intent to create a private right or remedy."); *Means v. Independent Life and Acc. Ins. Co.*, 963 F. Supp. 1131, 1135 (M.D. Ala. 1997). Because there is no private right of action under HIPAA, this court does not have subject matter jurisdiction over Plaintiff's medical disclosure claim.

## IV. CONCLUSION

As set forth in this Memorandum and Order, this court does not have subject matter jurisdiction over any of Plaintiff's claims. Therefore, Plaintiff's Complaint, and all claims against Defendants, must be dismissed. However, Plaintiff's claims are dismissed without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Dismiss (filing no. 16) is granted.

2. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice as set forth in this Memorandum and Order.

3. Plaintiff remains responsible for the payment of the full filing fee in this matter.

4.  A separate judgment will be entered in accordance with this Memorandum and Order.

February 13, 2008.  BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge